UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CHARLES SCOTT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LANDON BIRD,<br><br>　　　　　Respondent. | Case No. 2:23-cv-00936-DAD-JDP (HC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 15<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Petitioner Thomas Charles Scott, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition under the *Younger*[1] abstention doctrine because petitioner's conviction is not yet final. I recommend that respondent's motion be granted.

　　　　No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v.*

---

[1] Found in *Younger v. Harris*, 401 U.S. 37 (1971).

1

*Maass*, 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

Respondent argues that, at the time this petition was filed, petitioner's conviction was not yet final because state proceedings weighing reclassification of his convictions for possession and cultivation of marijuana were only resolved on February 21, 2024, several months after this case was filed in May 2023. ECF Nos. 1 & 21. Under the *Younger* abstention doctrine, a federal court must abstain from interfering with state court proceedings if: (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the claimant has an opportunity to raise his constitutional challenges in the state proceedings; and (4) the relief he seeks in federal court would have the practical effect of enjoining the state proceedings. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). Here, petitioner concedes that some of his convictions were not yet final when he brought this action, but argues that this action should nevertheless proceed since, as of today's date, all court proceedings have concluded. ECF No. 21. The Ninth Circuit has held, however, that dismissal is required if state proceedings were ongoing at the time the federal action was filed. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("In other words, *Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed."). Thus, dismissal and, if petitioner so chooses, refiling is required. The *Beltran* court held:

> Although the state court proceedings were completed by the time the district court granted summary judgment, and an abstention order in this case may result simply in the appellees refiling their federal complaint, this outcome is required by *Younger*. Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action.

*Id.*

Accordingly, I recommend that respondent's motion to dismiss, ECF No. 15, be GRANTED and the petition be DISMISSED without prejudice to refiling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  June 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE