UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CHARLES SCOTT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LANDON BIRD,<br><br>　　　　　Respondent. | No. 2:23-cv-00936-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION<br><br>(Doc. Nos. 15, 22) |

　　　　Petitioner Thomas Charles Scott is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 5, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the federal habeas petition (Doc. No. 15) be granted because petitioner's underlying state criminal proceedings were still pending when petitioner filed the federal habeas petition initiating this action.  (Doc. No. 22.)  Thus, the magistrate judge concluded that application of the *Younger* abstention doctrine requires dismissal of this federal habeas action without prejudice.  (*Id.* at 2); *see Younger v. Harris*, 401 U.S. 37 (1971).  The pending findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id.* at 7–8.)  On July 1, 2024, petitioner filed objections to the pending findings and

1

1  recommendations, as well as a request for judicial notice of filings in petitioner's Ninth Circuit
2  case and in petitioner's state resentencing proceedings. (Doc. Nos. 25, 26.) Respondent did not
3  file a response thereto or objections of his own.
4     In his objections, while not entirely clear, petitioner primarily contends that the findings
5  and recommendations incorrectly found that he had initiated this federal habeas action on May
6  19, 2023, which is when the docket in this action reflects that he filed his habeas petition in this
7  court. (Doc. No. 26 at 2.) As a result, petitioner contends that the magistrate judge erred in
8  concluding that his state court proceedings were still pending at that time (May 19, 2023) and that
9  dismissal under *Younger* was required. (*Id.*) As a preliminary matter, the undersigned grants
10 petitioner's request for judicial notice as to court filings in his Ninth Circuit case, No. 22-1764,
11 which indicate that because petitioner had filed his federal habeas petition in the Ninth Circuit,
12 rather than the district court, the Ninth Circuit ordered as follows on May 19, 2023:

> The Clerk will transfer the application and proposed § 2254 petition filed at Docket Entry No. 1, and the response filed at Docket Entry No. 12, to the United States District Court for the Eastern District of California. The proposed petition is deemed filed in the district court on October 23, 2022, the date on which the application was signed.

17 *Scott v. Bird*, No. 22-1764, Doc. No. 13.1 at 2 (9th Cir. May 19, 2023). However, even with
18 deeming petitioner's petition to be filed on October 23, 2022, that does not change the analysis
19 set forth in the pending findings and recommendations because petitioner's state court remand
20 proceedings were still ongoing at that time as well. Thus, petitioner's objections, while serving to
21 clarify the date that this federal habeas action was deemed filed, simply do not provide a basis
22 upon which to reject the pending findings and recommendations.
23    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
24 court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
25 including petitioner's objections, the court finds the findings and recommendations to be
26 supported by the record and proper analysis. Accordingly, respondent's motion to dismiss the
27 pending petition will be granted, without prejudice to petitioner re-filing a federal habeas petition.
28 /////

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the court's decision to dismiss the petition to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 5, 2024 (Doc. No. 22) are adopted in full;
2. Respondent's motion to dismiss the pending petition (Doc. No. 15) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without prejudice;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **July 16, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE