UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CHARLES SCOTT,

Petitioner,

v.

LANDON BIRD,

Respondent.

No. 2:23-cv-00936-DAD-JDP (HC)

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

(Doc. Nos. 29, 33)

Petitioner Thomas Charles Scott is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2024, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 22) and dismissed petitioner's federal habeas petition without prejudice. (Doc. No. 27 at 2–3.) Judgment was entered on that same day. (Doc. No. 28.) On August 15, 2024, petitioner appealed the court's order to the Ninth Circuit Court of Appeals. (Doc. No. 30.) On August 9, 2024, petitioner filed the pending motion for reconsideration of the court's order dismissing his petition. (Doc. No. 29).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, in his motion for reconsideration, petitioner argues that the court did not conduct a proper review of this case because "the judge neglected—for unexplained reasons—to take judicial notice" of three state court records, which petitioner contends demonstrate that he exhausted his state court remedies. (Doc. No. 29.) Petitioner's argument is misplaced, however, because his federal habeas petition was not dismissed due to a failure to exhaust habeas claims by first presenting them to the highest state court prior to seeking federal habeas relief. Rather, as respondent had argued in his motion to dismiss petitioner's federal habeas petition and as the magistrate judge explained in the findings and recommendations that were adopted by the

undersigned, petitioner's underlying state criminal proceedings were still pending when he filed the federal habeas petition initiating this action, and thus application of the *Younger* abstention doctrine required dismissal of this federal habeas action without prejudice. (Doc. Nos. 22, 27) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Petitioner's motion simply does not identify any basis under Rule 60(b) upon which this court should reconsider its July 17, 2024 order dismissing this action.

Accordingly,

1. Petitioner's motion for reconsideration (Doc. No. 29) is denied;
2. Petitioner's pending motion to proceed *in forma pauperis* (Doc. No. 33) is denied as having been rendered moot by this order; and
3. This case shall remain closed.

IT IS SO ORDERED.

Dated: **August 26, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE